Van Brunt, J.
It is true that the referee, before whom this cause was tried, has reported that the work was substantially completed at the time of the commencement of this action; but how he has arrived at any such conclusion it is somewhat difficult to imagine, because the undisputed evidence is that the dumb waiter called for by Hart’s contract was not put in until about the month of May, nearly two months after this action was commenced. It also appears that during the whole of the month of March, and a part of April, Hart was engaged in finishing up the job by building the stairs, and finishing and trimming the building. This evidence shows clearly that at the time of the commencement of this action the last payment, which was the only one upon which the plaintiff’s lien could attach, was not due. Upon this state of facts Hart could not have maintained any action to recover this payment, and it is difficult to see how the plaintiff can maintain the action, which rests solely upon Hart’s right to recover as against Florence.
The case of Smith v. Brady (17 N. Y. 173) has established the doctrine that before a contractor can maintain an action for money to grow due upon the completion of a contract, he must show that he has complied with the terms of his contract, and if he is not able to do this, no recovery can be had.
The principle established by that case has never been overruled, and, applied to the facts of the case at bar, shows that no action could have been maintained *138 by Hart, the contractor, against Florence, the owner, at the time of the commencement of this action, because the work was not at the time completed.'
It is not at all necessary to consider the question as to the effect of the payments made by Florence, the owner, to the subcontractors, on January 16, 1875, because the point first above discussed shows that the judgment must be reversed as to the defendant Florence, and a new trial ordered, with costs to abide the event.
Ordered accordingly. •
On a motion for re-argument on part of respondent, at the November term, 1876, the following opinion was rendered.
Per Curiam.
The opinion of Judge Van Brunt fully covers the case. The statute to which the respondent now refers does not seem to have been overlooked, nor does it affect the question decided by the general term. It is a mistake to suppose that that statute gives a Tight of action against the owner before payment is due to the contractor. The case of Doughty v. Devlin (1 E. D. Smith, 625), which was decided under the old. law, goes no farther than to sanction the filing of a notice of lien by the subcontractor, in anticipation of payments subsequently to be made by the owner to the contractor. It is not authority for the beginning of an action against the owner to foreclose the lien before he is liable to pay the contractor (See Guernsey’s Lien Law, pp. 103, 104).
The motion for re-argument must be denied, with $10 costs.