(4 Misc. Rep. 54.)

## BEECHER v. SCHUBACK et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. MECHANICS' LIENS—RIGHTS OF SUBCONTRACTORS.
     If nothing be due the contractor, a subcontractor may not enforce his lien against the owner.

2. SAME—ABANDONMENT OF WORK BY CONTRACTOR.
     Nothing being due since filing the subcontractor's lien, if the contractor abandon the work before a substantial completion of the building according to contract, the subcontractor may not enforce his lien.

3. SAME—BUILDING CONTRACT — CONSTRUCTION — WHEN PAYMENT DUE—CERTIFICATE OF ARCHITECT.
     When, by the contract, the architect's certificate is a condition of payment, the payment is not due without such certificate, unless it be unreasonably withheld.

4. SAME.
     If the architect named in the contract die, and another be substituted by the owner and accepted by the contractor, the certificate of that other is necessary.

5. SAME—RIGHTS OF SUBCONTRACTOR.
     If, under an option by the contract, the owner proceed to complete the building, a subcontractor may not recover unless payment was due before the commencement of the action.

6. APPEAL—REVIEW—QUESTIONS NOT RAISED BELOW.
     On appeal a judgment may not be upheld upon a theory and state of fact not suggested on the trial, and repugnant to that on which the judgment was rendered.

(Syllabus by the Court.)

Appeal from judgment on report of referee.

Action to enforce a mechanic's lien by Cornelius Beecher against John Schuback, owner, and Barron & Barron, contractors. Archibald Culbert and John L. Culbert, and other subcontractors holding mechanics' liens, were made parties defendant. From the decree for plaintiff and defendants Culbert, defendant Schuback and others appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles B. Meyer, for appellants.
N. A. Chedsey, for respondent Beecher.
William J. Lippmann, for respondents Mills and Arnot.
S. V. R. Cooper, for respondents Darrow & Co.
Philips & Avery, for respondents Culbert.
Fromme Bros., for respondents John Little and John Johnston.

PRYOR, J. If, because the case does not purport to contain all the evidence, we are confined to the consideration of questions of law, (Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. Rep. 1022,) still, a finding of fact without proof is legal error, (Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. Rep. 482,) which may not be obviated by any presumption as to the actual evidence on the trial, (Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. Rep. 254.) On the close of the case the appellants moved for a dismissal of the complaint upon specific allegations of insufficiency in the evidence to support the action. Moreover, by proper exceptions to find-

ings, and to the refusal of a finding that at the commencement of the action nothing was due and unpaid to the contractors, the appellants present the questions, the decision of which disposes of the appeal. Turner v. Weston, 133 N. Y. 650, 31 N. E. Rep. 91. The subcontractors claim through the contractor, and, if nothing was due to him, nothing was due to them. "They are under the same obligations to prove performance, and to the same extent, that he would be. Their rights as lienors are measured by his rights under the contract. We think that there was nothing due upon the contract when the lien was filed, and that the judgment cannot be supported on that ground." Van Clief v. Van Vechten, 130 N. Y. 571, 580, 29 N. E. Rep. 1017. We are of the opinion that, upon the uncontroverted evidence, nothing was due from the defendant to the contractors at the time they abandoned the work, and that the finding of the referee to the contrary is without support in the evidence. The contract price of the building was $43,000. Before the filing of the liens $34,170 had been paid to the contractors. By the contract the balance of $13,000 was payable only on the completion of the building. The referee finds that $7,041.38 was due to the contractors at the time they abandoned the work. In other words, he finds, both in effect and in terms, that the contract was substantially fulfilled, and the building substantially completed, pursuant to the agreement and that so the contractors were entitled to the final payment; and yet the referee finds that, "after the contractors had substantially completed the said building and fulfilled the said contract and withdrawn from the said building, the defendant owner paid, laid out, and expended moneys (to the amount of eleven hundred dollars and sixty-two cents) for work and materials to finish and complete the same, in regard to work and materials which he claimed at that time and on the trial should have been furnished and supplied by the contractors, according to said contract and specifications, and the agreements between them, from time to time, during the progress of the construction of said building; and that the defendant owner did complete said building, and that he is entitled to an allowance and deduction in his behalf from the contractors for the following expenditures made by him after the said contractors had left the building,—his expenditures made by him to complete said building and fulfill said contract in regard to omissions made by said contractors, unintentionally and without fraud on their part." Looking to "the following expenditures" as found by the referee, it is seen that, beyond question, they were made, not to supply inadvertent omissions and casual defects, but for substantial additions to the building so as to complete it in conformity with the contract and specifications. The cautious insertion, therefore, of the qualifying phrase "unintentionally and without fraud," is ineffectual to show the requisite completion of the building and fulfillment of the contract, in order to entitle the contractors to the final payment. No matter though the referee formally

find that the contractors earned the final installment, a specific finding must prevail over a general finding; and between inconsistent findings the appellant is entitled to the benefit of the most favorable. Upon the face of the findings, therefore, it is clear that the contractors never performed the condition indispensable to their right to the final payment. Van Clief v. Van Vechten, 130 N. Y. 579, 29 N. E. Rep. 1017. We should add that other essential deficiencies in the work are apparent upon the uncontradicted evidence.

We are of the opinion, further, that to entitle the contractors to the final payment the architect's certificate was indispensable. The contract so provides. But the answer is that the architect therein named was dead, and that so the condition is avoided. But another architect was substituted by the owner, and accepted by the contractors, and in plain reason his certificate stood for that of his predecessor. In the absence of all evidence that the certificate was fraudulently or unreasonably withheld, a recovery under the contract is inadmissible. Smith v. Brady, 17 N. Y. 175; Nolan v. Whitney, 88 N. Y. 650; Bowery Nat. Bank v. Mayor, etc., 63 N. Y. 336. The judgment being insusceptible of support upon the ground that the contract was fulfilled and the money earned, an attempt is made to maintain it on the principle of Van Clief v. Van Vechten, supra, namely, that upon the default of the contractor the owner proceeded to complete the building pursuant to a provision of the contract. But the infirmity of the position is that no evidence sustains it, and that the conclusion of the referee stands avowedly and exclusively on the assumption that the contractors duly performed the agreement, and themselves earned the money. The inevitable inference from the evidence is that, upon the abandonment of the work by the contractors, the owner chose to treat the contract as at an end, and proceeded to put his property in condition for profitable use. In Murphy v. Buckman, 66 N. Y. 297, the provision in the agreement being identical with that before us, the owner gave the three days' notice of election to complete the work himself, and so renounced the right to insist upon a forfeiture by the contractor. In Van Clief v. Van Vechten, supra, the owner, in his answer, counterclaimed an allowance for completing the building, and the evidence showed that he took possession and completed it pursuant to the contract. In the case at bar the owner gave no notice of election, and made no demand in pleading on account of his expenditures in completing the building, and the proof fails to establish that he did finish it in conformity to the contract. Indeed, upon the evidence, it is not apparent that the building is yet completed.

We may not, at this stage of the litigation, uphold the judgment upon a theory and state of fact of which no hint was given at the trial, and which are directly in conflict with the findings and conclusions on which the referee rendered judgment. Assuming for argument, however, that the defendant owner did elect to complete the building under and pursuant to the contract, still, the

uncontroverted evidence is that he did not complete it, if ever, until after the 1st of November, 1889,—the date of the commencement of the action. Indeed, the referee finds the time of the ultimate completion of the building to be the 31st of December, 1889. In any event, therefore, the action is premature. Preusser v. Florence, 4 Abb. N. C. 137; Leiegne v. Schwarzler, 10 Daly, 547; Bailey v. Johnson, 1 Daly, 61, 67; Sullivan v. Brewster, 1 E. D. Smith, 681. Independently of other errors alleged and plausibly maintained by the appellant, it results that the judgment must be reversed, and a new trial ordered, costs to abide the event. All concur.