### PALMER LUMBER CO. v. STERN.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

MECHANICS' LIENS (§ 271*)—FORECLOSURE—COMPLAINT.

A complaint to foreclose a mechanic's lien is not demurrable for failure to allege specifically that the amount of plaintiff's claim, or some part thereof, was unpaid at the time the notice of lien was filed, or that it was earned after the filing of the notice, so long as such sum remained unpaid at the time of the commencement of the action, nor was it necessary to allege the exact amount which was unpaid and due to the contractor, provided an amount was due sufficient to equal plaintiff's claim.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 494; Dec. Dig. § 271.*]

Spring and Robson, JJ., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Monroe County Court.

Action by the Palmer Lumber Company against Kittie Stern to foreclose a mechanic's lien. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendant to plead.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frederick B. Hall, for appellant.
Charles H. Rowe, for respondent.

KRUSE, J. The action is to foreclose a mechanic's lien. The defendant owner demurs to the plaintiff's complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. The County Court sustained the demurrer, and the plaintiff appeals.

The precise ground upon which the demurrer was sustained is, as I understand it, that the complaint fails to allege specifically that the amount of plaintiff's claim, or some part of it, was unpaid at the time the notice of lien was filed, or that it was earned after the filing of the notice; the plaintiff having furnished material to the defendant contractor, who erected the building on the premises in question for the defendant owner.

It seems to me that the complaint states facts sufficient to show that the plaintiff is entitled to the foreclosure of its lien and the relief asked for as against the owner, as well as the contractor, considering the complaint as a whole. It alleges that the defendant contractor entered into a contract with the owner for erecting the house; that the contractor should be paid therefor $6,252.50; that the plaintiff entered into a contract with the defendant contractor whereby it agreed to furnish and deliver to it certain lumber for the sum of $1,234.10, which the defendant contractor agreed to pay therefor upon delivery; that the lumber was so furnished and delivered and used in the construction of the building, except to the amount of $86.80; that $600 was paid on the bill on October 27, 1909; and that there remains due and unpaid the sum of $547.30, which became due on the 30th of October, 1909, and is now due the plaintiff. It alleges the filing of the lien on the 6th of November, 1909; that the contractor duly performed all the conditions of its contract, and so far completed the same as to be entitled, prior to the commencement of the action, to receive thereon a sum in excess of the amount of plaintiff's claim; and that prior to the commencement of the action there was due to the defendant contractor from the defendant owner a sum in excess of the amount of the plaintiff's claim.

I do not think it was necessary to allege that the amount or some part of it was unpaid at the time the notice was filed, nor that it was earned after the filing of the notice, because, if it was unpaid at the commencement of the action (which was after the lien was filed), the plaintiff is entitled to enforce its claim against the owner, whether it was earned before or after the notice of lien was filed.

Neither do I think it necessary to allege the exact amount which is unpaid and due the contractor. As regards the plaintiff, it is only

necessary that there is due and unpaid to the contractor an amount equal to the plaintiff's claim.

The complaint alleges that no persons have filed liens, and that there are no subsequent liens or claims by judgment, mortgage, or conveyance against the property.

The demurrer should be overruled, with costs, with leave to defendant to plead over on the usual terms. All concur, except SPRING and ROBSON, JJ., who dissent in an opinion by SPRING, J.

SPRING, J. (dissenting). The plaintiff and the defendant Siffing Company are each a domestic corporation. On September 7, 1909, the defendant Siffing Company agreed by written contract to construct for the defendant Stern a dwelling house on her premises in the city of Rochester for $6,252.50. The plaintiff, in pursuance of a verbal agreement with the contractor, sold and delivered materials which were used in constructing the dwelling house. On the 6th day of November, 1909, there was a balance due the plaintiff of $547.80, and a notice of lien on that day was duly filed in the clerk's office of Monroe county, and on the 10th day of November a copy was served on the owner. This action is to foreclose the lien, and the plaintiff seeks to hold the owner of the property, whose demurrer to the complaint, on the ground that it does not state a cause of action, has been sustained.

Section 4, c. 418, Laws 1897, in defining the extent of the lien on the property of the owner in favor of one who has furnished materials to a contractor, contains this provision:

"If labor is performed for, or materials furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon."

The amended complaint contains this allegation in an attempt to charge the owner with liability for the sum unpaid to the plaintiff by the contractor:

"(4) That the said defendant contractor duly performed all the conditions of said contract on his part to be performed, and so far completed the same as to be entitled prior to the commencement of this action to receive thereon a sum in excess of the amount of the plaintiff's claim herein; and that prior to the commencement of this action there was due to said defendant contractor from said defendant a sum in excess of the amount of the plaintiff's claim herein."

I think this averment is insufficient. It is only by virtue of the statute that the owner is liable to one who has furnished materials upon an agreement with the contractor. The owner agreed to pay the contractor for building her dwelling. She made no contract with the appellant. The statute, however, enacted for the benefit of the laborer and materialman, has provided a means by which either can secure the amount his due, at least to a certain extent. There must be a sum earned and unpaid to the contractor when the notice of lien is filed; or, if any sum is subsequently earned, the lien attaches.

The essence of the plaintiff's cause of action against the owner is this provision of the statute, and it must by allegation and proof

bring itself within it before it can recover against the owner. Van Clief et al. v. Van Vechten, 130 N. Y. 571, 577, 29 N. E. 1017; Brainard v. County of Kings, 155 N. Y. 538, 50 N. E. 263; Ball & Wood v. Clark & Sons Co., 31 App. Div. 356, 52 N. Y. Supp. 443; Beecher v. Schuback, 1 App. Div. 359, 37 N. Y. Supp. 325, affirmed 158 N. Y. 687, 53 N. E. 1123.

Something must be unpaid to the contractor at the time of the filing of the notice of lien or become due later in order to enable the plaintiff to recover. It must allege that fact, as it is the pith of its cause of action. Maneely v. City of New York, 119 App. Div. 376, 388, 105 N. Y. Supp. 976; Leiegne v. Schwarzler, 10 Daly, 547, 552.

In Lemieux v. English, 19 Misc. Rep. 545, 43 N. Y. Supp. 1066, (cited approvingly in Brainard v. County of Kings, 155 N. Y., at page 545, 50 N. E., at page 263), the court used this language at page 546 of 19 Misc. Rep., at page 1067 of 43 N. Y. Supp.:

"It remained. however, for the plaintiff to show, as essential to the validity of the lien claimed, that at the time of the filing of the notice of such lien there was due and owing to the contractor, or that thereafter there accrued to the contractor from the owners, a sum applicable towards the satisfaction of the debt owing from the contractor to the plaintiff, * * * and hereof the evidence utterly failed."

The allegation of the complaint is that "prior to the commencement of this action" there was a sum due the contractor from the owner. This averment might be true, and still no liability attach to the owner of the premises. The point is: Was anything due when the notice was filed, or was anything earned subsequently? If the plaintiff should prove that two weeks prior to the filing of the notice of lien $500, or any other sum, had been earned by the contractor and was then unpaid, it would not make out a cause of action against the owner. She may have paid it before the notice was filed. That is not a matter of defense, for the statute explicitly defines when the materialman can hold the owner, and the burden is upon him to prove the facts which make the statute applicable to him. The plaintiff's secretary and treasurer could not be convicted of perjury on his verification to this complaint if anything was due at any time before the action was commenced, although it states no case against the owner.

I think the judgment should be affirmed, with costs.

ROBSON, J., concurs.