JOHNSON SERVICE CO. v. HILDEBRAND et al.

(Supreme Court, Appellate Division, First Department. March 15, 1912.)

1. MECHANICS' LIENS (§ 260*)—ACTIONS—TIME TO SUE.

An action by a contractor of a subcontractor to enforce a lien is premature, where there is no amount due from the principal contractor to the subcontractor at the time; but it is not essential that the entire amount earned should be due at the time, provided some part thereof is then due.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 456–468; Dec. Dig. § 260.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. MECHANICS' LIENS (§ 260*)—ACTIONS—TIME TO SUE.**

A contractor to construct a municipal building sublet the furnishing of materials and the work in heating and ventilating the building to a subcontractor for a specified sum, but reserved the right to retain 5 per cent. thereof until final payment by the municipality, and also reserved a right on notice to take charge of the subcontractor's work and complete it and deduct the cost thereof from the amount due under the contract. The subcontractor employed a third person to furnish and install a system of regulating the temperature. Thereafter the subcontractor abandoned the work, and the contractor took charge thereof and completed it. The balance due the subcontractor after deducting the cost of completing the work was less than 5 per cent. of the contract price. *Held*, that an action by the third person to enforce his lien brought before final payment by the municipality was premature and must be dismissed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 456–468; Dec. Dig. § 260.*]

**3. APPEAL AND ERROR (§ 931*)—FINDINGS—CONSTRUCTION.**

Where findings are inconsistent, appellant is entitled to have the appeal determined on the basis of the findings most favorable to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

Appeal from Special Term, New York County.

Action by the Johnson Service Company against George Hildebrand and others. From a judgment for plaintiff and defendant the Babcock & Wilcox Company, defendant George Hildebrand and another appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

M. Carl Levine, for appellants.

J. Power Donellan, for respondent Johnson Service Co.

LAUGHLIN, J. This is an action to foreclose a municipal lien. On the 25th day of June, 1907, the appellant Hildebrand entered into a contract with the city for the erection of a public bath building in the borough of Brooklyn, pursuant to certain plans and specifications, for the gross sum of $165,480. On the 10th day of February, 1908, he sublet the furnishing of materials and the work required in heating and ventilating the building to the defendant R. J. Sovereign Company, Inc., for the gross sum of $21,000; and on the 13th day of the same month the Sovereign Company in turn sublet the furnishing and installation of the Johnson System of Temperature Regulation to the plaintiff, for the gross sum of $734 "less 10 per cent." The judgment awards the balance of $868.50 due from Hildebrand to the Sovereign Company, to the plaintiff to the extent of $756.93 in payment of the balance due on its claim against the Sovereign Company, and the balance to the Babcock & Wilcox Company, which was also a subcontractor of the Sovereign Company for the installation of two Babcock & Wilcox patent steam boilers, for which there remained due from the Sovereign Company $1,000, for which the Babcock & Wilcox Company had filed a lien. The liens of the plaintiff and of the Babcock & Wilcox Company were discharged by Hildebrand's filing an undertaking with the appellant surety company as surety. Hilde-

brand and the surety company are the sole appellants, and their contentions are the same.

The appellants contend at the outset that the action was prematurely brought, in that there was nothing due or owing from Hildebrand to the Sovereign Company at the time it was commenced. The contract between Hildebrand and the Sovereign Company provided for the payment of 85 per cent. of the contract price of the work as it progressed, and that the last payment should be the remaining 15 per cent., which should not be payable until the work was completed and accepted by Hildebrand and until he received his final payment from the city. The Sovereign Company, with the consent of Hildebrand, abandoned its contract before completion, and thereupon its contract was modified so as to provide that only 5 per cent. of the contract price should be retained by Hildebrand for final payment. The court has found that this final payment of 5 per cent. was not to be made by Hildebrand until the Sovereign Company's work was completed and accepted by him and until he received his final payment on his contract with the city. The final payment was not made to Hildebrand by the city until the 21st day of February, 1910, and it aggregated $28,727.54. The action was commenced on September 2, 1909.

[1] It is not essential that the entire amount earned by a lienor shall be due and payable at the time his action to foreclose the lien is commenced, but it is essential that some part thereof shall be then due and payable. Preusser v. Florence, 4 Abb. N. C. 136; Beecher v. Schuback, 4 Misc. Rep. 54, 23 N. Y. Supp. 604; Ringle v. Wallis Iron Works, 85 Hun, 279, 32 N. Y. Supp. 1011, affirmed on opinion below 155 N. Y. 675, 49 N. E. 1103; Firth v. Rehfeldt, 30 App. Div. 326, 51 N. Y. Supp. 980, affirmed 164 N. Y. 588, 58 N. E. 1087; Palmer Lumber Co. v. Stein, 140 App. Div. 680, 125 N. Y. Supp. 594. If, therefore, there was no amount due and payable from Hildebrand to the Sovereign Company at the time this action was commenced, since its subcontractors stand in its shoes, there was no amount due to them. Brainard v. County of Kings, 155 N. Y. 538, 50 N. E. 263; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Campbell v. Coon, 149 N. Y. 556, 44 N. E. 300, 38 L. R. A. 410; Wexler v. Rust, 144 App. Div. 296, 128 N. Y. Supp. 977. It was prematurely brought, and the recovery cannot be sustained.

[2] The final payment from Hildebrand to the Sovereign Company, under the contract as modified, was to be the sum of $1,050. The Sovereign Company abandoned its contract in May, 1909. At that time there remained a balance unpaid on its contract of $1,568.50. The contract between the Sovereign Company and Hildebrand provided that, upon its failure to furnish sufficient labor and materials, Hildebrand might upon three days' notice procure the same and "charge and deduct the *cost* thereof from the amount due the subcontractor under this present agreement, and to collect the deficiency, if any, from the subcontractor." On the abandonment of the work by the Sovereign Company, Hildebrand took charge and completed it. By the judgment the court has allowed him the sum of $700 for thus completing it, and has awarded the balance of the $1,568.50, being

$868.50, to the plaintiff and the Babcock & Wilcox Company, as already stated.

The appellants contend that it has not been shown that there was any balance due from appellant Hildebrand to the Sovereign Company, to which the liens of respondents could attach for the reason that the evidence does not show the *actual cost* of completing the work left undone by the Sovereign Company, and that the finding that appellant Hildebrand completed it at a cost of $700 is without support in the evidence, and is inconsistent with the finding, made at his request, to the effect that the evidence does not show the amount of money "necessarily expended" by him in completing the work.

[3] Where findings are inconsistent, the appellant is entitled to have the appeal decided on the basis of those findings which are most favorable to him. On that theory appellants claim that there should be a reversal, because, since the cost of completing the work has not been shown, there is no basis upon which to determine the amount owing to the Sovereign Company. If we should decide the appeal on that theory, it would only result in a new trial, which we think would be of no avail to appellants, for the actual cost could then be shown, and it probably would not exceed $700.

The president of the Sovereign Company testified at one point that his company completed its contract with the exception of furnishing and installing the electric fan to operate the blower, the motor, electric wiring, and switchboard, and that appellant Hildebrand did this work. He was then asked the fair market value of the work done by appellant Hildebrand in completing the contract, and he answered that the fair market value was between $700 and $800. And he further testified, in effect, that his company abandoned the work pursuant to an arrangement made at his suggestion, with appellant Hildebrand, that the latter should give his company three days' notice pursuant to the contract, which his company would accept, "and he could finish the job at the price agreed on, between seven and eight hundred dollars, and the balance would be paid to my lienors, creditors. That was all arranged and agreed upon. He said he agreed with me on the facts of the case, and I told him how much money was coming to me, and what he would have left over, * * * and he agreed with me on the price and terms, and everything was satisfactory between him and I," and that he informed Hildebrand with respect to the work remaining unperformed under the contract, and stated to him that it would cost between $700 and $800 to perform it, and appellant Hildebrand agreed that he would finish it, and said that the $700 or $800 would cover the cost of finishing.

I am of opinion that this evidence fairly warranted the finding that the cost of finishing the work was at least $700, the amount which the trial court allowed therefor, and that brings the balance unpaid to the Sovereign Company below the 5 per cent., and it becomes unnecessary to determine whether, as appellants contend, the court should have found such cost to be a greater sum. On the abandonment of the contract by the Sovereign Company, appellant Hildebrand was at liberty to complete the work and charge the cost thereof to it, and the fact that the amount was agreed upon, if it was the reasonable

cost, does not affect the rights of the parties. The consideration was the voluntary abandonment of the contract by the Sovereign Company on that condition. This left a balance owing to the Sovereign Company from appellant Hildebrand of less than the remaining 5 per cent., and by the express terms of the contract that did not become due and payable from appellant Hildebrand to the Sovereign Company until the final payment was made to him by the city.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.