FITZPATRICK v. DEVLIN et al.

(Supreme Court, Special Term, New York County.   July 14, 1913.)

MECHANICS' LIENS (§ 227*)—BOND TO DISCHARGE LIEN—LIABILITY ON BOND.
    Where a contractor on a public improvement gave a bond to discharge
    a mechanic's lien conditioned for the payment of any judgment recov-
    ered by plaintiff against the contractor in any action or proceeding to
    enforce the alleged lien filed by plaintiff against moneys due or to grow
    due to the contractor, the surety on the bond was not liable for the
    amount of a personal judgment subsequently recovered against the con-
    tractor on plaintiff's failure to establish a valid lien.
      [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 410;
    Dec. Dig. § 227.*]

Action by Richard Fitzpatrick against John H. Devlin and an-
other. Judgment for plaintiff against the defendant Devlin, and judg-
ment for the defendant the Fidelity & Deposit Company of Maryland.

At the time when the alleged lien was filed, there was no fund
due the contractor from the city under the contract and the defendant
Fidelity & Deposit Company of Maryland therefore claims that the
alleged lien was not a valid one.

Michael J. Scanlan, of New York City, for plaintiff.

O'Brien, Boardman & Platt, of New York City (Edward L. Stev-
ens, of New York City, of counsel), for defendant Fidelity & Deposit
Co. of Maryland.

Sackett, Chapman & Stevens (Edward L. Stevens, of New York
City, of counsel), for defendants other than the City of New York
and the Fidelity & Deposit Co. of Maryland.


GIEGERICH, J. The action is brought to foreclose a lien under
a contract for a public improvement, and it is conceded that the plain-
tiff is entitled to judgment against the defendant Devlin as contractor.

The question is whether the defendant the Fidelity & Deposit
Company of Maryland is likewise liable upon its undertaking given
to discharge the lien, which undertaking was conditioned for the pay-
ment of any judgment recovered by the plaintiff against the said
Devlin "in any action or proceeding to enforce the alleged lien filed
by the said plaintiff against the moneys due or to grow due to the
said John H. Devlin."

The plaintiff relies upon the decision of the Appellate Division of
this department in Hawkins v. Mapes-Reeve Const. Co., 82 App. Div.
72, 81 N. Y. Supp. 794. A reference to the opinion in that case will
show, however, that the undertaking there was conditioned for the
payment of any judgment recovered "upon the claim or demand spe-
cified in the notice of lien." Manifestly the two conditions are quite
different. The only case I have been able to find that is directly in
point is Casey v. Connors Bros. Const. Co., 53 Misc. Rep. 101, 103
N. Y. Supp. 1103, in which Judge Andrews held that, to establish
liability upon a bond like the present one, there must be allegation
and proof that the lien discharged by virtue of the undertaking was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    142 N.Y.S.—44

a valid lien, and that the mere recovery of a money judgment against the contractor under the provisions of section 3412 of the Code of Civil Procedure is not enough. The point seems never to have been squarely before the Court of Appeals for its decision, but its view has been clearly expressed, especially in Berger Mfg. Co. v. City of N. Y., 206 N. Y. 24, at page 30, 99 N. E. 153, at page 154, where it was said that the necessity of enforcing the right to a lien, even after an undertaking is given, is clearly shown by the condition which the statute prescribes for such undertaking, viz. "the payment of any judgment which may be recovered in an action to enforce the lien," and that the undertaking does not change the relation and the rights of the parties other than to substitute its provisions for the fund remaining due or to become due from the municipality to the contractor. The court further observed (206 N. Y. at page 31, 99 N. E. 153) that where an undertaking is given its condition determines the obligation of the parties, and that a valid lien on the primary fund must be established to require payment pursuant to the terms of the undertaking.

My conclusion is, therefore, that the plaintiff is not entitled to judgment against the surety. Submit requests for findings, with proof of service.