INTERNATIONAL HARVESTER COMPANY OF AMERICA, INC., Respondent, *v.* JAMES P. WHELAN et al., Respondents, and BETHLEHEM STEEL CORPORATION et al., Appellants.

Argued March 22, 1937; decided April 27, 1937.

*Joseph Day Lee* for Bethlehem Steel Corporation, appellant. The court below erred in holding that the steel corporation did not have a priority right in the special fund set aside when its lien was discharged. (*Bethlehem Fabricators, Inc.,* v. *Wills, Taylor & Mafera Corp.,* 272 N. Y. 170.) The assignments of the liens under which plaintiff claims were also invalid. (*Rollin* v. *Cross,* 45 N. Y. 766; *Ogden* v. *Alexander,* 140 N. Y. 356; *Tisdale Lumber Co.* v. *Read Realty Co.,* 154 App. Div. 270; *Moelle* v. *Sherwood,* 148 U. S. 21; *Hess* v. *Hodges,* 78 So. Rep. 85; *Drury* v. *Foster,* 2 Wall. 24.)

*George M. Simon* for Keystone Portland Cement Company, appellant. The court below erred in holding that the cement company did not have a priority right in the special fund set aside when its lien was discharged. (*Bethlehem Fabricators, Inc.,* v. *Wills, Taylor & Mafera Corp.,* 272 N. Y. 170.)

*Alfred D. Dennison* for plaintiff, respondent. The appellants, steel corporation and cement company, have no priority in distribution of the moneys retained

under court orders. (*Ansonia Brass & Copper Co.* v. *New Lamp Chimney Co.*, 53 N. Y. 123; *People ex rel. Mason* v. *McClave*, 99 N. Y. 83; *People* v. *Long Island R. R. Co.*, 194 N. Y. 130; *Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330; *Lackawanna Steel Constr. Co.* v. *Longacre E. & A. Co.*, 151 Misc. Rep. 17; *Alberene Stone Co.* v. *Board of Education*, 153 Misc. Rep. 812.) The savings made by the State upon reletting the contract are properly a part of the fund distributable. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Ogden* v. *Alexander*, 140 N. Y. 356; *Ringle* v. *Wallis Iron Works*, 149 N. Y. 439; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Campbell* v. *Coon*, 149 N. Y. 556; *Bader* v. *City of New York*, 51 Misc. Rep. 358.)

*Nelson R. Pirnie* for Official Purchase Corporation et al., respondents. The trial court properly found that the sum for distribution in the hands of the State is $48,770.09, this amount being the fund in the hands of the State as the balance of moneys applicable to the public improvement. (*Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330; *Scarsdale Nat. Bank & Trust Co.* v. *U. S. Fidelity & Guaranty Co.*, 264 N. Y. 159; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Campbell* v. *Coon*, 149 N. Y. 556; *Bader* v. *City of New York*, 51 Misc. Rep. 358.) The mere retention of certain of the contract moneys pursuant to court order does not give any lienor a priority, as such moneys are still moneys of the contractor to be distributed *pro rata* under the provisions of the Lien Law (Cons. Laws, ch. 33). (*Alberene Stone Co.* v. *Board of Education*, 135 Misc. Rep. 812; 244 App. Div. 711.)

*John J. Bennett, Jr., Attorney-General* (*Isaac I. Marks* and *Henry Epstein* of counsel), for The People of the State of New York, respondent. The difference between the original contract and the result of the reletting of the contract is a direct result of the unit prices bid by the completing contractor and should be deducted from the general fund. (*Herrmann* v. *Hillman*, 203 N. Y. 435; *Peets Motors* v. *State*, 147 Misc. Rep. 218.)

O'BRIEN, J. August 18, 1931, defendant Whelan entered into a contract with the State for the construction and reconstruction of certain highways in Fulton county. Early in August, 1932, Kalman Steel Corporation (predecessor of defendant Bethlehem Steel Corporation), defendant Keystone Portland Cement Company and three others filed liens against moneys due under the contract, and on August 16, 1932, by order of court pursuant to section 21, subdivision 6, of the Lien Law (Cons. Laws, ch. 33), the Comptroller was authorized to deduct from the amount due the contractor the sum of $4,200, which includes the amount of those five liens filed earlier in that month, and to retain it until the liens should be discharged as otherwise prescribed in section 21. In October, 1932, the State canceled Whelan's contract for the reason that he had failed to make proper progress and during the same month the work was relet to Harp & Conway Construction Company which completed it. The price for the work under the original contract was $202,313.63. To the original contractor the State paid $94,514.04 and to Harp & Conway Construction Company, for cost of completion, $57,706.76. The State also paid $1,332.74 for keeping the road passable for traffic after Whelan's default. There remained unpaid, therefore, from the contract price the sum of $48,770.09. When the State relet the contract to Harp & Conway Construction Company, the contractor bid lower prices than the State had agreed to pay Whelan and as a result the sum of $4,953.63 was saved to the State.

The Central Bridge Trucking Corporation performed work for Whelan and in September, 1932, it filed notice of lien for the sum of $9,997.19 and assigned its lien to plaintiff. Other liens for the respective sums of $170.45, $700 and $1,445.60 were assigned to plaintiff and it brought this action to foreclose these liens amounting to $12,313.24 against the moneys owing to defendant Whelan.

The first question is whether Bethlehem Steel Corporation, as successor to Kalman Steel Corporation, and Keystone Portland Cement Company have exclusive rights to the fund of $4,200 which was deducted and retained by the Comptroller from the amount due to Whelan pursuant to the court order of August 16, 1932, entered in accordance with the provisions of section 21, subdivision 6, of the Lien Law. The same issue of law was presented and decided by this court in *Bethlehem Fabricators, Inc.*, v. *Wills, Taylor & Mafera Corp.* (272 N. Y. 170). Our decision therein requires the application of the same rule here and an answer that these two parties have such an exclusive right. No other lienor may participate in this special fund set apart under section 21, subdivision 6. The special fund of $4,200 should, therefore, be deducted from the general fund.

The second question is whether the sum of $4,953.63, which was saved to the State on reletting the contract to Harp & Conway Construction Company, should also be deducted from the general fund. By the judgment of the Appellate Division that sum was deducted. We agree. This action is to foreclose liens against moneys due to Whelan from the State. The $4,953.63 is no part of the moneys due to Whelan or to the succeeding contractor or applicable to this public improvement. The cost was reduced on reletting from $202,313.63 to $197,359.95. Neither the original contractor nor his substitute has any interest in the amount saved on the reletting and lienors' rights must necessarily depend upon the contractors' interest in the fund.

In respect to the validity of certain assignments or liens and the sufficiency of notices of liens, we agree with the referee and the Appellate Division.

The judgment of the Appellate Division should be modified in accordance with this opinion, and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.