M. BALICH CORPORATION, Plaintiff, *v.* SALTSER & WEINSIER CORPORATION and Another, Defendants.

Supreme Court, Special Term, Queens County, January 3, 1938.

*Frank T. Kleiger*, for the plaintiff.

*Henry D. Levy [Joseph Katz* of counsel], for the defendant Saltser & Weinsier Corporation.

*John J. Bennett, Jr., Attorney-General [Isaac R. Marks, Assistant Attorney-General,* of counsel], for the People of the State of New York.

LOCKWOOD, J. This case involves the right of two lienors to receive payment from the State for labor, supplies and materials furnished by them and used in the construction of a public improvement at the Creedmoor Division of the Brooklyn State Hospital.

The relevant and undisputed facts are as follows:

On November 27, 1931, the State of New York and the defendant Weber & Hamilton, Inc., entered into a contract under which the latter agreed to furnish materials and to perform certain plumbing work in the above-mentioned State institution for the sum of $39,447, later modified to $39,349.15.

Between November 14, 1932, and January 25, 1933, the plaintiff Matthew Balich Corporation, at the request of the general contractor, furnished and installed toward the performance of the contract certain pipe covering of the agreed and reasonable value of $1,500.

From time to time Weber & Hamilton, Inc., the general contractors, purchased plumbing supplies from the defendant Saltser & Weinsier, Inc., for the total sum of $9,238.61, which supplies were necessary and most of which were actually used in the performance of the contract, and for which there is due and owing a balance of $2,422.42.

On February 2, 1933, the plaintiff duly filed a lien for the amount claimed to be due to it. Such lien was refiled on June 6, 1933. By orders of the Supreme Court, New York county, the said lien was continued to May 22, 1936, before which date this action was commenced.

On February 3, 1933, the defendant Saltser & Weinsier, Inc., duly filed a lien for the balance due it. In April, 1933, this defendant commenced an action in the City Court of the City of New York upon its claim, and this action is still pending. However, this defendant answered in the present action and in its counterclaim seeks to have its lien declared valid and its rights determined herein.

Weber & Hamilton defaulted and the contract was canceled by the State on February 10, 1933. Prior to the default the State had made six payments under estimates duly certified under the terms of the contract, totaling $13,900. There was, therefore, a balance of $25,449.15 of the full contract price unpaid.

After the cancellation the State called upon the bonding company to complete the contract and, upon its failure to do so, the State readvertised the unfinished work and thereafter awarded the contract for completion to the successful bidder, who completed the work on November 29, 1935. The cost to the State of completing the contract was $18,027.65, leaving a balance of $7,421.50 out of the sum appropriated to the original contract.

The State terms this fund a saving to it, and contends that since no amount is due Weber & Hamilton, Inc., from the State, there is nothing to which the liens can attach, and the lienors may not be paid out of this fund. It should be noted, however, that in this sum of $7,421.50 there is included $2,460.30, representing fifteen per cent of the amount certified for payment to Weber & Hamilton, Inc., for work completed, but retained by the State pursuant to the " retained percentages " provision of the contract.

Therefore, the State holds in effect two funds, one $2,460.30, earned by the original contractor and certified for payment to him but retained by the State pending completion of the contract, and the other, $4,961.20, resulting from the fact that the second contract — that for completion of the work — was let at a lesser amount than the completion would have cost under the original contract.

The lienors seek payment from this fund of $7,421.50.

Following the trial, the contention of the State, based upon the decision in *International Harvester Co.* v. *Whelan* (274 N. Y. 162), was sustained upon the assumption that the saving in the instant case on reletting the contract was $7,421.50, and that, therefore, there was no fund out of which lienors could be paid. Proposed findings and judgments were submitted by the parties as well as additional memoranda of law. Thereafter, the court was supplied with the minutes of the trial herein, and also examined the record on appeal in the *Whelan* case. An analysis of the latter case and the evidence adduced at the trial of the present case leads the court to sustain the contention of the plaintiff, and the decision heretofore rendered should be modified accordingly.

The *Whelan* case held that the amount saved by the State on reletting a contract for completion after default of the original contractor is not available for payment to lienors. In the present case, however, the testimony shows that the saving is not $7,421.50 as contended by the State, but $4,961.20.

Since both the State and the lienors rely upon their respective interpretations of the *Whelan* case to sustain their contentions, a comparative analysis of the amounts involved in that and this case follows:

|  | Whelan case | This case |
|---|---|---|
| Original contract price | $202.313 63 | $39,349 15 |
| Paid to original contractor before default | 94,514 04 | 13,900 00 |
|  | $107,799 59 | $25,449 15 |
| Cost of completion | 59,029 50 | 18,027 65 |
|  | $48,770 09 | $7,421 50 |
| Saving on reletting | 4,953 63 | 4,961 20 |
| Amount available for payment to lienors | $43,816 46 | $2,460 30 |

It is clear, therefore, that the sum of $2,460.30, being in this instance the amount of the " retained percentages " earned but not paid to the original contractor, is available for satisfaction of liens. In the *Whelan* case the sum available consisted of moneys earned by the original contractor before its default but not paid to it, plus sums set aside for payment of liens, pursuant to the Lien Law.

The defendant Saltser & Weinsier Corporation, having filed its lien on Febraury 3, 1933, commenced an action upon its claim in the City Court in April, 1933. It was not an action to foreclose the lien and no notice of pendency was filed with the Comptroller of the State. This defendant never procured an order continuing its lien. Its lien, therefore, is invalid and unenforcible having been discharged long before this action was commenced. (Lien Law, § 18.)

Much stress is placed by counsel for this defendant upon his argument that no party to this suit has served a reply to the counterclaim and that, therefore, the allegations thereof must be deemed admitted. This contention is without substance. No one disputes the facts alleged in the counterclaim, and the conclusions of law pleaded therein require no denial. Assuming the truth of the facts alleged, this defendant does not show thereby that it has a valid lien

upon the moneys held by the State, or that it is entitled to payment of its claim out of such fund. The most that this defendant has established is that the sum of $2,422.42 is due and owing to it from Weber & Hamilton, Inc., under the contract between them.

The plaintiff's motion for judgment is granted. The motion of defendant Saltser & Weinsier Corporation for judgment is denied and its counterclaim is dismissed.

It is unfortunate that this defendant, who supplied materials that were used in the construction, failed to preserve its rights as to the unpaid balance due it. However, the Lien Law is specific and prescribes the manner in which such rights may be protected. Defendant's failure to avail itself of its provisions was due solely to its own neglect.

Findings and judgment are made accordingly.