WEHLE ELECTRIC COMPANY, Plaintiff, *v.* WILLIAM KALLOCK, STATE OF NEW YORK and Others, Defendants.*

Supreme Court, Special Term, Broome County, March 31, 1938.

*Lloyd C. Anderson* [ *N. W. Hankin* of counsel], for the plaintiff.

*John J. Bennett, Jr.,* Attorney-General [*Isaac I. Marks,* Assistant Attorney-General, of counsel], for the State of New York.

*Walter A. Swan,* for the Tilo Roofing Company.

*Burns & Burns,* for the Powerlite Switchboard Company.

*Brewster & Johnson,* for the Crouse Hinds Company.

*Engelman & Rosenberg,* for the Belson Manufacturing Company.

*Ephraim Karch,* for Vernon Kallock.

*James V. Jones,* for Jacob Meyer.

*Louis Braun,* for the Knickerbocker Annunicator Company.

PERSONIUS, J. The defendant William Kallock contracted with the State of New York to furnish material and labor for electrical work at Auburn Prison for $16,364.50. He failed to perform the contract. His surety, the defendant Standard Accident Insurance Company, completed the work. It was accepted by the State. The State paid the contractor $14,350, and the surety $560.92, a total of $14,910.92, or $1,453.58 *less* than the original contract price. This amount the lienors seek to recover.

The State contends that the lienors can recover no more than the original contractor could and that he could recover nothing. (*International Harvester Co.* v. *Whelan*, 274 N. Y. 162.) In that case the defendant contracted with the State to build a highway. The State canceled the contract and " relet " the work at a saving of $4,953.63 to the State. As to this saving, the court said: " The cost was reduced on reletting * * *. Neither the original contractor nor his substitute has any interest in the amount saved on the reletting and lienor's rights must necessarily depend upon the contractors' interest in the fund." The original contract was (1) " canceled " and the work was (2) " relet."

We have been cited to no case in which the State or an owner has been permitted to retain its savings as against lienors, *except where the contract was canceled and abandoned or the completion of the work relet.*

In the present case concededly there was no reletting, no contract whatever except the original. Did the State cancel that? On September 18, 1936, the State wrote the contractor: " We declare your contract null and void." The contract and bond provided that the State " may * .* * call upon the surety to complete the *contract.*" (Italics ours.) This it did by writing the surety: " we declare the contract of William Kallock null and void and call upon you, as surety, to proceed to *complete the work, as set forth by the contract* and the bond which you executed." (Italics ours.) The original contract was completed by the surety and the work thereunder accepted by the State March 9, 1937. While the State said it declared the contract " null and void," it in fact treated it as subsisting and called upon the surety to complete it. By reletting an original contract is superseded and at an end. Here the surety was told to complete the work. What work? The work covered by the original contract.

The original contract had " not been terminated." The surety in completing the work " stood in his [contractor's] shoes; * * * all moneys earned by the casualty [surety] company in thus completing the buildings were as applicable to claims of laborers and materialmen who had acted under the contracts with Moon [original contractor] as though the money had been earned by " him. (*Wilson* v. *Moon*, 265 N. Y. 640, 641; affd., 240 App. Div. 440; *Clarke Co.* v. *Plass & Bro., Inc.*, 107 Misc. 722, 724, 725; affd., on Special Term decision, 187 App. Div. 904;-*Maneely* v. *City of New York*, 119 id. 376, 384, 385. See, also, *Slattery* v. *National Commercial Bank & Trust Co.*, 247 id. 221, 224, 225.)

Analogous is the rule that if a contractor abandons his contract and the owner completes it, a " lien attaches to the extent of the

difference between the cost of completion and the amount unpaid when the lien was filed." (*Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Fraenkel* v. *Friedmann*, 199 id. 351, 358; *Herrmann & Grace* v. *Hillman*, 203 id. 435, 441.)

We hold that the original contract was not canceled, that the surety completed it, and that the balance of $1,453.58 remaining in the hands of the State is subject to the lien of valid liens.

Subject to striking it out, we admitted evidence on the customs and practices of the State with respect to similar " savings." This evidence we strike out, giving the plaintiff an exception.

It remains to determine which defendants are entitled to participate in said balance.

The defendants William Kallock, Simplex Wire and Cable Company, Standard Accident Insurance Company, City Electric Company and Kuhlman Electric Company defaulted. Their claims are rejected. (Lien Law, §§ 44, 45.)

The plaintiff and the defendants Knickerbocker Annunciator Company (William A. Brohmer and Andrew Jochum), Powerlite Switchboard Company and Crouse Hinds Company, by the complaint and answers allege the timely filing of liens or assignments and the facts alleged in their pleadings are stipulated to be true. Their claims are allowed.

The claims of the other defendants are rejected. Belson Manufacturing Company filed a claim but failed to renew it. (*Dick Sand Co.* v. *State of New York*, 137 Misc. 622, 624.) None of the other defendants allege that they filed a claim. The Tilo Roofing Company alleges a levy on the contract under a judgment. Jacob Meyer alleges that he obtained a judgment and an order " permitting " payment by the State to the sheriff. Neither is entitled to participate. Vernon Kallock alleges an assignment given and filed for money advanced February 1, 1937. The date of filing is not alleged. The moneys were advanced long after William Kallock, the contractor, defaulted.

Judgment is awarded in accordance with this decision.