### R. K. LANE v. HUNT COUNTY.

### No. 1515.

**County Warrants—Payment.**

Where county warrants were paid by the treasurer out of the county funds, but being mislaid by him, he was compelled to account for and settle with the county for such funds without receiving credit for the amount of such vouchers,—the warrants were extinguished, and, upon their subsequent discovery, such former treasurer or his assignee could not recover upon the warrants as obligations of the county.

APPEAL from District Court, Hunt County. Tried below before Hon. E. W. TERHUNE.

*Perkins, Gilbert & Perkins,* for appellant.—The court erred in sustaining the defendant's general demurrer to plaintiff's first amended original petition, and in dismissing said petition; because said petition showed that legal warrants of Hunt County had come lawfully into the possession of J. W. Hawkins, County Treasurer of said county, and that he paid full value therefor, and that said Hunt County had never taken up said warrants and had never paid the debts that they represented, and that said Hawkins had never gotten credit therefor, and that the same had never been paid or cancelled or satisfied in any manner whatsoever, and that plaintiff was the legal holder thereof for value, and that said county and the treasurer thereof had refused to pay the same, and was liable to pay the same.

*D. W. Huffar,* County Attorney, and *Sherrill & Hefner,* for appellee.

FISHER, CHIEF JUSTICE.— *Opinion.*—This is a suit by the appellant Lane, filed in 1894, against Hunt County, to recover on certain warrants issued by the county, which the treasurer thereof and the commissioners' court of the county refuse to pay. Demurrers were sustained to appellant's petition and, he declining to amend, his action was dismissed. It appears from the averments of the petition and supplemental petition that the warrants were in existence in 1878, 1879 and 1880, and were issued by the county, and that during those years one J. W. Hawkins was county treasurer, and that during that time the warrants were presented to him by the legal holders thereof and were paid by him and thereupon delivered to him. That after he received the warrants they were mislaid and he was unable to find them and they were not discovered and found until the year 1894, when, upon their recovery, he presented them to the Commissioners' Court of Hunt County and its treasurer for registration and payment, but both requests were refused. After the warrants were mislaid in the year 1880, Hawkins, as treasurer, made a settlement with the county of his official matters, and he was required to pay, and did pay, out of his private funds, to the county, the amount represented by these warrants. In this settlement these warrants were not considered and he was not given credit therefor, nor has he ever received credit for the warrants. The petition alleges that the plaintiff is the legal holder and owner of the warrants, and concludes that, as Hawkins as treasurer was never given credit for these warrants, they are still legal obligations against the county, and that, although the original holders were in fact paid, the warrants were not extinguished. He sues to recover against the county on the warrants, as the legal owner.

We have stated enough of the averments in order to understand the grounds upon which we dispose of the case. The averments of the petition lead to the inference that the county treasurer, Hawkins, in paying the warrants to the legal holders, did so officially and out of

funds owned by the county. This construction is aided by the presumption that the payment was made with county funds because, under the law as then existing, the county treasurer, as other county officers, was prohibited from purchasing or dealing in county warrants. Act of Legislature, March 30th, 1874, and Penal Code, article 248.

If, as a fact, the warrants were paid by the treasurer to the legal owners and holders out of funds belonging to the county, it effectually extinguished them as evidences of indebtedness against the county. The payment cancelled the warrants. And if, afterwards, the treasurer mislaid them and was thereby unable to produce them as vouchers for the amounts paid out by him when he was called upon by the county to settle the affairs of his office, it would not preclude him from asserting such payment, and, if true, require the county to give him credit for such warrants. His inability to produce them would not cut off his rights in this respect, and if the fact could have been established that the warrants were paid and subsequently lost he could not have been held liable to the county therefor. Hence the payment by him to the county without asserting his right to the credits which he was entitled to was, we might say if necessary to so rule upon this question, of a voluntary nature. But whatever may have been the nature and legal effect of that payment, it is clear that it, together with the subsequent discovery of the warrants, would not have the effect of reviving them as legal claims against the county. They were previously paid by the county and thereby ceased to be useful and serviceable as warrants, and if the treasurer was subsequently required, in his settlement with the county, to reimburse it the amount expended in satisfying these warrants, any action he may have had looking towards a recovery of the sum so paid certainly could not be based upon the warrants. No subrogation would result to the treasurer by reason of these facts. No interest of the original holders and owners remained in the warrants after they were paid, nor do we understand the pleadings to mean that any rights of plaintiff were acquired from such original owners; but we construe the averments to the effect that the plaintiff acquired his rights by transfer from Hawkins and that he is entitled to such remedies and rights that existed in Hawkins by reason of the facts stated. Under the rule that exists in this State it must be conceded that the warrants were not negotiable paper, and that plaintiff as a purchaser acquired them subject to the defenses that may be urged by the county. This being true, if Hawkins could not maintain his action at law on the warrants against the county, the plaintiff occupies the same position, and the existence of facts and rules of law that would defeat a suit of Hawkins will also defeat a like claim of the plaintiff. We find no error in the judgment and it is affirmed.

*Affirmed.*

Decided April 8, 1896.