Emil Laski, Respondent, v. State of New York, Respondent, Impleaded with Industries Development Corporation, Appellant, and Fidelity and Deposit Company of Maryland, Appellant, Respondent.

Saul J. Rosenthal and Another, Copartners, Doing Business under the Firm Name and Style of American Electrical Engineering and Contracting Company, and Another, Defendants.

Third Department, July 2, 1926.

Contracts — assignee of construction contract between State and assignor, who advanced nothing to complete defaulted contract, does not have claim superior to surety — lienor, who supplied assignor with material, has claim superior to surety.

The assignee of a construction contract, entered into between his assignor and the State of New York, which contract was subsequently defaulted by the assignor, has no claim to the balance remaining due under the contract superior to the rights of the surety, since it appears that the assignee advanced no money which went into the construction provided for by the contract.

However, the lienor, who furnished material to the plaintiff's assignor, and to that extent diminished the expense which otherwise the surety would have been obliged to pay for the completion of the contract, has a lien upon the balance remaining due, superior to that of the surety.

APPEAL by the defendant, Industries Development Corporation, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 31st day of December, 1925, upon the decision of the court rendered after a trial before the court without a jury at an adjourned Albany Trial Term held at the court house at Troy, N. Y.

Appeal by the defendant, Fidelity and Deposit Company of Maryland, from so much of said judgment as adjudges that the plaintiff is entitled to a first claim and lien upon the contract entered into between Saul J. Rosenthal and Edward F. Croker, Jr., copartners, doing business under the firm name and style of American Electrical Engineering and Contracting Company, and the defendant State of New York, on or about the 20th day of May, 1922, which contract is known as No. 7132, and on the money due thereunder, and directed the defendant State of New York to pay said sum to the plaintiff prior to the payment to any other parties to this action.

*Jacob I. Goodstein,* for the appellant Industries Development Corporation.

*Wallace P. Harvey* [*Thomas E. White* of counsel], for the appellant and respondent Fidelity and Deposit Company of Maryland.

*Charles Saleson* [*Jacob I. Goodstein* of counsel], for the plaintiff, respondent.

PER CURIAM. The bond was given solely for the protection of the State. There is no evidence and it is not claimed that the assignee advanced any money which went into the construction in question. As against the assignee, therefore, the surety is subrogated to all the rights and remedies of the State and this right of equitable subrogation arose when the contract with the State was made. (*Prairie State Bank* v. *United States,* 164 U. S. 227.) As the State on completion by it of the defaulted contract would not be liable to the assignee so neither is the surety which is subrogated to the rights of the State. As to the lienor a different equity arises. It furnished material which went into the construction and to that extent diminished the expense which otherwise the surety would have been obliged to pay. In 27 American and English Encyclopædia of Law (2d ed. p. 204) it is said: " Subrogation being the creature of equity it will not be permitted where it would work injustice to the rights of those having equal or superior equities." The right does not originate in contract and, therefore, does not extend beyond the requirements of equity and justice. For the surety to receive equity it should do equity to the lienor for lightening the burden

of the surety. (See, also, *Clarke Company* v. *Plass & Bro., Inc.,* 107 Misc. 722; affd., on opinion below, 187 App. Div. 904, and *Maneely* v. *City of New York,* 119 id. 376, cases in which rights of assignees were not involved.) Having held that the assignee has no claim on the fund in question those authorities are applicable here.

The judgment should be affirmed, with costs to the plaintiff against the appellant assignee.

All concur.

Judgment unanimously affirmed, with costs to the plaintiff against the appellant assignee.