## McCLINTIC–MARSHALL CORPORATION v. MARYLAND CASUALTY CO.

### No. 1784.

Court of Civil Appeals of Texas. Waco.

Dec. 3, 1936.

Rehearing Denied Jan. 7, 1937.

Bradley & Bradley, of Groesbeck, Locke, Locke, Stroud & Randolph, of Dallas, Seale & Seale, of Centerville, and Maurice E. Purnell, of Dallas, for appellant.

Jos. W. Hale, of Waco, for appellee.

ALEXANDER, Justice.

In 1931, Ed Pettus entered into a contract with the State Highway Commission for the construction of four bridges on a state highway in Leon county for the contract price of $80,735.48. Maryland Casualty Company was surety for Pettus on his performance bond. Said bond bound the contractor and his surety to a faithful performance of the contract and, among other things, provided that they should "pay all lawful claims for labor performed and material furnished in and about the construction of said bridges. * * *." For the purpose of indemnifying Maryland Casualty Company against any loss in the event of default by him, Pettus executed an assignment to the bonding company of all his interest in and to all the equipment and materials that he might at any time have upon said work, and provided that if he should default in the performance of the contract, all payments specified in the contract should be paid to the bonding company. Pettus abandoned his contract on July 28, 1932. The State Highway Commission estimated that at the time of default, material had been furnished and labor performed under said contract to the amount of $69,219.37, and it was shown that Pettus had been paid the sum of $49,028.57, leaving a balance in the hands of the State Highway Commission of $20,190.80. Maryland Casualty Company, the surety, elected to and did complete the contract, the same having been

completed about September 12, 1932. By completing the contract, the bonding company earned the balance of the original contract price, or the sum of $11,516.11, which, with the sum of $20,190.80 earned by Pettus but not collected by him, made a total sum of $31,706.91, payable to the bonding company upon completion of the contract. The bonding company withdrew the sum of $14,-001.45 on August 10, 1932, leaving a balance of $17,705.46 in the hands of the State Highway Department on October 20, ·1932, at which time McClintic-Marshall Corporation, appellant herein, filed its claim with the department for the sum of $3,687.76 for labor and material previously furnished to Ed Pettus in the performance of said contract. Thereafter, from time to time, the Highway Department made payments to the bonding company so that at the time of the trial there remained on hand only the sum of $8,928.96.

The purpose of this suit was to subject the funds retained by the State Highway Commission and owing under said contract, amounting to the sum of $8,928.96, to the payment of the claims of McClintic-Marshall Corporation and other creditors who had furnished labor and material to Ed Pettus in the performance of said contract and who had filed their claims with the State Highway Department as required by Vernon's Ann.Civ.St. art. 5472a. The trial court, by agreement of the parties,. awarded $1,000 of the money retained by the State Highway Department to George C. Pettus and certain other small creditors of Ed Pettus. No complaint is made of this part of the judgment. The court awarded the balance of $7,928.96 to Maryland Casualty Company and denied McClintic-Marshall Corporation a right to recover any portion of said fund. McClintic-Marshall Corporation appealed.

McClintic-Marshall Corporation, by filing its claim with the State Highway Department, acquired a lien on all funds then in the hands of that department and due under the contract, and is entitled to have its claim paid in full out of said fund unless its lien was defeated on one or more of the grounds hereinafter mentioned. Vernon's Ann.Civ. St. art. 5472a.

■ Maryland Casualty Company contends that since it took an assignment from Ed Pettus covering all sums due and to become due him under the contract in the event of his default, upon such default all funds then in the hands of the State Highway Department and owing under said contract immediately became the property of the bonding company and there were therefore no funds remaining that could be subjected to appellant's claim. A similar contention was overruled by the Supreme Court in Metropolitan Casualty Ins. Co. v. Cheaney (Tex.Com.App.) 55 S.W. (2d) 554.

In the alternative, Maryland Casualty Company contends that McCall Engineering Company, who had furnished labor and material to Ed Pettus in the performance of his contract, and who had filed notice with the State Highway Department of its claim for the sum of $27,940.90, had assigned its claim to Maryland Casualty Company, and that by reason thereof Maryland Casualty Company had a right to share ratably with McClintic-Marshall Corporation in a distribution of the funds withheld by the State Highway Department. The record shows that McCall Engineering Company, a subcontractor under Ed Pettus, filed its claim with the State Highway Department on July 11, 1932, for the sum of $13,321.37, and on August 1, 1932, it filed another claim for $14,619.53, both of which claims were for labor and material furnished to Ed Pettus under said contract. Said claims were also filed with the county clerk of Leon county, so as to fix liability against the bonding company as provided in R.S. art. 5160, as amended by Acts 1929, c. 226, § 1 (Vernon's Ann. Civ.St. art. 5160). Early in August, 1932, the Maryland Casualty Company desired to withdraw some of the funds owing under said contract and withheld by the State Highway Department, but the State Highway Department refused to allow any of the funds to be withdrawn so long as creditors' claims on file with it exceeded the amount due under the contract. On August 10, 1932, McCall Engineering Company, at the request of the bonding company, withdrew its claim from the State Highway Department, and thereupon the Maryland Casualty Company drew down the sum of $14,-001.45 of the money due under said contract and paid the same to McCall Engineering Company on its claim. McCall Engineering Company refiled the balance of its claim with the State Highway Department but withdrew the same on October 18, 1932. After McClintic-Marshall Corporation filed its claim on October 20, 1932, Maryland Casualty Company, from time to time, withdrew the additional sum of $8,776.50 from the State Highway Department, leaving on hand with that department only the sum of $8,-928.96. Maryland Casualty Company ap-

parently paid to McCall Engineering Company the balance of its claim in full prior to January 4, 1933. On the last-named date, McCall Engineering Company, at the request of the bonding company, again re-filed its claim with the State Highway Department for the sum of $13,136.36. Thereafter, on January 24, 1933, McCall Engineering Company assigned to Maryland Casualty Company all rights and claims held by it against Ed Pettus and the funds then held by the State Highway Commission under said contract.

■■ As above stated, the bonding company contends that it, as assignee of McCall Engineering Company, should be permitted to share ratably with appellant in a distribution of the funds retained by the State Highway Department. We cannot sustain the bonding company's contention in this respect for several reasons. In the first place, when Maryland Casualty Company, upon default by Pettus, elected to complete the contract and demanded and received the benefits thereof, including the installments earned by Pettus and impounded by the filing of appellant's claim, it thereby assumed the burdens of the contract, including the obligation to pay appellant's account previously incurred by Pettus for labor and material used in building the bridges. 9 C.J. 857; 7 Tex.Jur. 699; Southern Surety Co. v. Weaver Bros. (Tex.Com.App.) 56 S.W.(2d) 634; W. H. Putegnat Co., Inc., v. Fidelity & Deposit Co. (Tex.Com.App.) 29 S.W.(2d) 1004; Southern Surety Co. v. Sealy Ind. School Dist. (Tex.Civ.App.) 10 S.W.(2d) 786; American Bonding Co. v. Regents of University of Idaho, 11 Idaho, 163, 81 P. 604; Watterson v. Owens River Canal Co., 25 Cal.App. 247, 143 P. 90; State v. Cornwall, 102 Or. 220, 201 P. 1072; Laski v. State, 217 App.Div. 420, 217 N.Y.S. 48. Since the bonding company was obligated to pay appellant's claim, appellant was entitled to have said claim paid in full out of the funds impounded by the filing of the notice with the State Highway Department. Said bonding company could not thereafter buy up claims against Pettus, for the payment of which it was liable, and, by filing the same with the State Highway Commission, share ratably with other creditors, whose claims it was obligated to pay, in the distribution of the impounded funds.

■ Furthermore, McCall Engineering Company, by filing its claim with the county clerk of Leon county as required by R.S. art. 5160, at amended (Vernon's Ann.Civ. St. art. 5160), thereby fixed liability on the bonding company, and when that company later paid McCall Engineering Company the amount of its claim, said claim was thereby discharged and thereafter said engineering company had no claim to assign to the bonding company.

■ Moreover, while Vernon's Ann.Civ. St. art. 5472a contains no express provision for a preference in favor of creditors in the order of the filing of their claims, we think it would be manifestly unjust to permit the bonding company to cause some of the creditors to withdraw their claims and thereby induce the State Highway Department to pay to it as successor to the original contractor a part of the funds previously impounded and then buy up the claims that it had caused to be withdrawn and as such assignee participate ratably in a distribution of the balance of the impounded funds. Republic National Bank & Trust Co. v. Massachusetts Bonding & Ins. Co. (C.C.A.) 68 F.(2d) 445.

From what has been said, it is apparent that we are of the opinion appellant is entitled to have its claim paid in full out of the funds retained by the State Highway Department. That part of the judgment of the trial court ordering the State Highway Commission to pay to Maryland Casualty Company the sum of $7,928.96 retained by it and denying McClintic-Marshall Corporation a lien on any part thereof is set aside, and in lieu thereof the State Highway Commission is ordered to pay to McClintic-Marshall Corporation out of said fund so retained the sum of $3,687.70, with 6 per cent. interest from April 28, 1932, and to pay the balance of said sum of $7,928.96 to Maryland Casualty Company. Maryland Casualty Company will pay all costs of this court and of the lower court. The judgment of the trial court in all other respects is affirmed.