## JENKINS COMMON SCHOOL DIST. NO. 17 v. GUARANTY BOND STATE BANK et al.

### No. 1877.

Court of Civil Appeals of Texas. Waco.
March 11, 1937.

A. H. Menefee, of Madisonville, for appellant.

Brownlee & Brownlee, of Madisonville, for appellees.

ALEXANDER, Justice.

On February 17, 1931, Frank Holoday, representing the Universal Sanitary Equipment Corporation, sold to Jenkins Common School District No. 17, of Madison county, certain sanitary equipment to be thereafter installed and received in payment therefor the following warrant or voucher:

"Due April 15th, 1932
"Bears Int at Rate 6%
"Madisonville, Texas, Sept 17th 1931.
"till Pd.
"$145.00
"County Depository, Madison County
"Pay to the order of Frank Holoday Atty the sum of One Hundred and Forty-Five Dollars out of local funds of Jenkins School District No. 17 Madison County, for Sanitary Equipment
"[Signed] P. L. Westmoreland
"P. B. Wycough
"Trustees School District No. 17
"Approved 9-22-31
"Lizzie Faye Grissette, County Superintendent, Madison County. [Seal]"

Holoday immediately discounted said warrant at the Midway State Bank and absconded with the funds without supplying the equipment as contracted. Shortly thereafter and before said voucher was paid by

the Guaranty Bond State Bank of North Zulch, the county depository of Madison county, the trustees of the school, through their attorney, notified said county depository that there had been a failure of consideration and advised said bank not to pay said warrant. The warrant, however, was paid later in response to an agreement of indemnity by Midway State Bank to said county depository. Said Jenkins Common School District brought this suit against the Guaranty Bond State Bank to recover the money so paid out on said warrant. Said bank vouched in the Midway State Bank on its guaranty. The court submitted to the jury certain issues as to whether or not the instrument had been altered and upon the jury's findings that it had not been altered, rendered judgment for the defendant, denying plaintiff any recovery. The plaintiff appealed.

It appears without dispute that the sanitary equipment for which the warrant in question was issued was never furnished and as a consequence there was a total failure of consideration for the issuance of the warrant. The trial court, however, treated the warrant as a negotiable instrument and denied the school district the right to defend on account of the failure of consideration.

 It appears to be a well-settled proposition that warrants issued by an agency of the government are nonnegotiable and are subject to the defense of failure of consideration even in the hands of a good-faith purchaser for value before maturity. 6 Tex.Jur. 609; 11 Tex.Jur. 665; Lasater v. Lopez, 110 Tex. 179, par. 3, 217 S.W. 373; San Patricio County v. McClane, 44 Tex. 392; Payne v. First National Bank (Tex.Com.App.) 291 S.W. 209; Lane v. Hunt County, 13 Tex.Civ.App. 315, 35 S.W. 10; City of Dublin v. H. B. Thornton & Co. (Tex.Civ.App.) 60 S.W.(2d) 302 (writ refused); Speer v. State, 123 Tex.Cr. R. 188, 58 S.W.(2d) 95. Since the warrant was nonnegotiable, the school district had the right to revoke its order of payment prior to payment of the warrant by the county depository, and if, notwithstanding the notice of revocation, the county depository paid the voucher and there was in fact a failure of consideration, the school district should be allowed to recover the funds of the district so unlawfully used in paying said voucher. 6 Tex.Jur. 277; Hewitt v. First National Bank of San Angelo,

113 Tex. 100, 252 S.W. 161; Huffman v. Farmers' National Bank (Tex.Civ.App.) 10 S.W.(2d) 753, par. 2, and authorities there cited.

The judgment of the trial court is reversed and the cause is remanded for another trial not inconsistent with the rules above announced.