## HAMILTON NAT. BANK v. POOL, County Judge, et al.

### No. 2233.

Court of Civil Appeals of Texas. Waco.

Nov. 7, 1940.

Lem Billingsley and John A. Lowther, both of Fort Worth, and H. W. Allen, of Hamilton, for appellant.

Locke, Locke, Dyer & Purnell, Touchstone, Wight, Gormley & Touchstone, and Horace Wells, all of Dallas, and W. Eugene Tate, of Hamilton, for appellees.

ALEXANDER, Justice.

This is a mandamus proceeding brought by Hamilton National Bank against the Commissioners' Court of Hamilton County and others to compel said court to deliver to said bank certain county warrants issued by the county to pay for the erection of a county jail.

The record discloses that the Commissioners' Court of Hamilton County entered into a contract with W. R. Lynch, Jr., and others as contractors for the erection and furnishing of a county jail in Hamilton County in consideration of certain time warrants to be issued by the county. The warrants were issued by the county and placed in the hands of the county clerk to be delivered to the contractors from time to time as the work progressed. The contractors, in order to obtain funds with which to erect the building, executed and delivered to the bank and its associates a written assignment of said funds. Said assignment was addressed to the County Judge and read as follows: "This is your authority to deliver to The Hamilton National Bank of Hamilton, Texas, all Hamilton County Warrants issued to me in payment for amount due me in constructing of County Jail Building, for deposit to my account at the bank."

Upon completion of the work, warrants to the amount of approximately $4,000 were still on hand undelivered. In the meantime, subcontractors and other creditors who had furnished labor and material for the erection of the building filed claims for their accounts and notified the county of the non-payment thereof. The trial court refused the writ of mandamus and the plaintiff has appealed.

The material question to be determined is whether the claim of the bank, as the contractors' assignee of the undelivered warrants issued by the county for the erection of the county jail, is superior to the claim of creditors who furnished labor and material for the erection of the building and gave notice of their claim to the county before the warrants had been delivered to the bank. We think not.

The county warrants were non-negotiable, 30 Tex.Jur. 432; Jenkins Common School Dist. v. Guaranty Bond State Bank, Tex.Civ.App., 103 S.W.2d 394, and the contractor's assignee took no better title thereto than the contractor had. First National Bank of Marlin v. Dupuy, Tex. Civ.App., 133 S.W.2d 238, par. 4. Moreover, the bonds have never been delivered to the contractor. Vernon's Ann.Civ.St., art. 5472a, Acts 1925, 39 Leg., ch. 17, p. 44, sec. 1, provides, in part, as follows: "That any person * * * furnishing any material * * * or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim."

Under this statute, one who complies with its provisions acquires a lien on all warrants that are undelivered at the time of service of notice of non-payment of

672

his claim for labor or material used in such public improvements. Texas Company v. Schriewer, Tex.Civ.App., 38 S.W.2d 141, par. 10; Smith v. Texas Co., Tex.Com. App., 53 S.W.2d 774. The contractors could not defeat the rights of such claimants by prior assignments of the warrants or funds to become due under the contract. McClintic-Marshall Corporation v. Maryland Casualty Co., Tex.Civ.App., 100 S.W. 2d 438, par. 1; Metropolitan Casualty Ins. Co. v. Cheaney, Tex.Com.App., 55 S.W.2d 554; American Employers' Ins. Co. v. Roddy, Tex.Com.App., 51 S.W.2d 280. Consequently, the trial court properly refused to grant the writ of mandamus.

The judgment of the trial court is affirmed.