**FIRST BANK & TRUST CO., BOOKER, Texas, Appellant,**

v.

**DUMAS INDEPENDENT SCHOOL DISTRICT, DUMAS, Texas, Appellee.**

No. 5483.

Court of Civil Appeals of Texas, Waco.

Aug. 28, 1975.

Rehearing Denied Oct. 2, 1975.

**500**

Lemon, Close, Atkinson & Shearer, R. D. Lemon, Perryton, for appellant.

Sheehan & Dubuque, Inc., Louis T. Dubuque, Dumas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Bank from take-nothing judgment against it, in suit for recovery on warrants issued by defendant School District.

Plaintiff Bank sued defendant School District alleging defendant on July 12, 1965, entered a tax data contract with McMorries & Company and on July 15, 1965, issued negotiable warrants payable to McMorries, which warrants were later acquired by plaintiff in ordinary cause of business as a good-faith purchaser for value. Plaintiff alleged it purchased warrants 1 thru 6 due date 12–1–66; 7 thru 12 due date 12–1–67; 13 & 14 due date 12–1–68; and 20 thru 23 due date 12–1–69; each warrant being in the sum of $1000.

Plaintiff alleged it had been paid $6000. on such warrants, but is still owing $12,000., and that defendant refuses to pay; and prayed judgment for $12,000. plus interest and attorney's fees.

Defendant answered the warrants were not negotiable warrants; that it had paid McMorries all of the sums due on such warrants.

Trial was before the court which rendered judgment plaintiff take nothing.

The trial court filed Findings and Conclusions summarized as follows:

### Findings of Fact

1) McMorries provided tax data for defendant School District.

2) In payment defendant issued McMorries 28 time warrants.

3) Plaintiff purchased 12 of the warrants from McMorries in 1965.

4) Defendant paid McMorries the warrants in full by November 14, 1966.

5) In late November 1966, plaintiff's agent forwarded warrants 1 thru 6 which were payable in December 1966, to defendant's Treasurer for payment, and was advised that all warrants had already been paid.

6) Plaintiff did not advise defendant it was holder of any warrants until the late November 1966 forwarding. (After being advised of the prior pay-

ment, plaintiff contacted McMorries who paid warrants 1 thru 6 to plaintiff).

### Conclusions of Law

1) The warrants were nonnegotiable instruments.

2) No notice was given that plaintiff was owner of the warrants, and defendant was entitled to deal with McMorries as though it were owner and paid all warrants to McMorries.

3) Payment has been made of the warrants and therefore defendant is not liable to plaintiff.

Plaintiff appeals on 2 points:

1) The trial court erred in concluding the warrants were nonnegotiable instruments, and that plaintiff was subject to defendant's defense of payment to McMorries.

2) The trial court erred in not entering judgment for plaintiff, because defendant paid McMorries without requiring McMorries to surrender the warrants, and should be estopped to plead payment to McMorries as a defense.

On July 12, 1965, defendant School District employed McMorries to perform taxation evaluation work, and issued McMorries 28 $1000. time warrants for such services, pursuant to Article 2786e VATS.

Plaintiff in July, August and September, 1965 purchased from McMorries 18 of the warrants, and forwarded same to a bank in Amarillo for safekeeping. In late November 1966, the Amarillo Bank presented interest coupons on all the warrants, and the first 6 warrants to the First National Bank of Dumas, defendant's treasurer, for payment, same being payable December 1, 1966. Payment was denied, the Dumas Bank advising that defendant had previously paid McMorries in full for all principal and interest owing on all warrants issued by defendant to McMorries. Defendant paid McMorries without requiring surrender of the warrants. Plaintiff contacted McMorries who paid plaintiff for the first 6 warrants. Plaintiff has not been paid for the remaining 12, and such are subject of the instant case.

Plaintiff's 1st point is that the trial court erred in concluding the warrants were nonnegotiable and as such subject to the defense of payment to McMorries.

Article 2786e VATS provides: "Section 1. Any school district * * * in need of funds with which to employ an individual firm or corporation * * * to compile taxation data for use by its board * * may * * * issue interest-bearing time warrants, * * * to pay all or part of the compensation * * * to compile such data * * *. Such warrants shall be entitled to first and prior payment out of any available funds of such district as they become due. * *."

"Section 8. The word 'interest-bearing time Warrant' as used in this Act means promissory note, interest-bearing time warrant, obligation or other evidence of indebtedness issued under this Act."

The warrants are identical except for the number and maturity date and read:

"Number Eleven

$1000.             $1000.
Available Fund Warrant     15 July, 1965
To: The School Treasurer
     Dumas Independent School District
     Dumas, Texas
   On or before December 1, 1967 pay to the order of McMorries & Company, Inc., at First National Bank, Dumas, Texas, the sum of $1000. with 5% interest [and attorney's fees if referred to an attorney] * * *.
     DUMAS INDEPENDENT SCHOOL DISTRICT
/s/ J. R. LOVELL, Secretary
         By /s/ FRANK D. McCOWN"

Plaintiff cites Article 5932 which provides:

"Sec. 1. An instrument to be negotiable must conform to the following requirements:

1. It must be in writing and signed by the maker * * * ;

2. It must contain an unconditional promise or order to pay a sum certain in money;

3. Must be payable on demand, or at a fixed or determinable future time;

4. Must be payable to order or to bearer; and

5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated with reasonable certainty."

(The foregoing has been the law since 1919).

Plaintiff asserts the time warrants here meet the foregoing requirements, are negotiable, and that the defense of payment should not be available to defendant.

Warrants issued by an agency of government are nonnegotiable, and are subject to defenses available against the original payee, even in the hands of a good-faith purchaser for value before maturity. *Jenkins Common School Dist. v. Guaranty Bond State Bank,* Tex.Civ.App., NWH, 103 S.W.2d 394; *Bexar County v. Mann,* 138 Tex. 99, 157 S.W.2d 134; *Adams v. McGill,* Tex.Civ.App., Er.Ref., 146 S.W.2d 332; *Stratton v. Commissioners' Court,* Tex.Civ. App., Er.Ref., 137 S.W. 1170; *Keel v. Pulte,* Tex.Com.App., 10 S.W.2d 694; *Hamilton National Bank v. Pool,* Tex.Civ.App., NWH, 144 S.W.2d 670; *First Nat. Bank of Athens v. Murchison Ind. School Dist.,* Tex.Civ. App., NWH, 114 S.W.2d 382; *City of Dublin v. Thornton,* Tex.Civ.App., Er.Ref., 60 S.W.2d 302; *Lasater v. Lopez,* 110 Tex. 179, 217 S.W. 373; *Payne v. First Nat. Bank,* Tex.Com.App., 291 S.W. 209.

In *Jenkins, supra,* the warrant involved is almost identical to the warrants in the instant case, and was held to be nonnegotiable.

Contention 2 asserts that defendant is estopped to plead the defense of payment to McMorries since it paid McMorries without requiring him to surrender the warrants.

Defendant paid the sums due on the warrants to McMorries without requiring him to surrender the warrants; and plaintiff purchased the warrants more than a year before defendant had paid the sums due on the warrants to McMorries, without giving defendant notice of the purchase.

The concept of estoppel is that one who by his conduct has *induced* another to act ought not to be permitted to adopt an inconsistent position, and thereby cause loss to another party. 22 Texas Jur.2d 680.

Defendant's conduct in paying McMorries the sums due under the warrants in no way *induced* plaintiff to purchase same.

The warrants were nonnegotiable and defendant can rely on its defense of payment.

Plaintiff's points are overruled.

Affirmed.