BETHLEHEM FABRICATORS, INC., Respondent, *v.* WILLS, TAYLOR & MAFERA CORPORATION, Defendant, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

(Submitted October 2, 1936; decided November 24, 1936.)

*John J. Bennett, Jr., Attorney-General (Isaac I. Marks* of counsel), for appellant.

*Edwin S. Whit* and *Arthur Miller* for respondent.

O'Brien, J.  The State entered into a contract with defendant Wills, Taylor & Mafera Corporation for the construction of a building to be used in connection with the Rockland State Hospital.  Plaintiff Bethlehem Fabricators, Inc., furnished labor and material to the contractor amounting to $34,250.  Of this sum the contractor paid plaintiff $17,635 and on October 1, 1934, plaintiff filed with the Comptroller and the appropriate department a notice of lien for $16,615.  On the same day Feldman-Meyers, Inc., filed a notice of lien for $6,083 and on the following day Radice Electric Company, Inc., filed for $1,406.06.  The total of these three liens aggregate $24,104.06.  At that time there was in possession of the Comptroller a sum applicable to the contract far in excess of plaintiff's claim and all other claims prior to that of plaintiff.  October 2, 1934, upon application of the contractor, Wills, Taylor & Mafera Corporation, an order was entered, pursuant to section 21, subdivision 6, of the Lien Law (Cons. Laws, ch. 33), directing the Comptroller to retain the sum of $26,000 from the moneys estimated to be due the contractor and to pay over the balance of the estimate to the contractor.  The order also directed the Comptroller to hold the retained amount of $26,000 until the three liens should be discharged as provided by the Lien Law.  The finding is that, by that order of October 2, 1934, plaintiff's lien was discharged pursuant to section 21, subdivision 6, of the Lien Law, that its lien was not otherwise discharged and that a fund is retained by the Comptroller pursuant to that subdivision sufficient to cover the amount of the lien

and interest for one year and costs in the enforcement of the lien. All other discharged liens arising out of this contract are secured by specific separate funds deposited with or retained by the Comptroller or by specific undertakings or otherwise.

This action was instituted to obtain a judgment decreeing that plaintiff has a valid and subsisting lien for $16,615 together with interest and costs, against the $26,000 retained by the Comptroller pursuant to section 21, subdivision 6, of the Lien Law pending the discharge of this lien. Summary judgment was directed for plaintiff. The issue is whether the specific fund of $26,000 retained by the Comptroller is available, under section 25, subdivision 4, for distribution *pro rata* to undischarged liens filed subsequent to the liens filed by plaintiff and the two other lienors on October 1 and October 2, 1934. Feldman-Meyers, Inc., and Radice Electric Company, Inc., have by stipulation waived their right to become parties to this action or to be served with notice of any proceedings.

Section 21 of the Lien Law has the caption " Discharge of lien for public improvement " and has eight subdivisions defining the manner in which such a lien may be discharged. Subdivision 6 provides: " 6. Where a contractor has to his credit with the state or with a municipal corporation, a sum of money by reason of an estimate due and payable to him, and where payment of such estimate is withheld because a notice of lien has been filed against his interest in said money, and where said money is in excess of the amount claimed in the notice of lien, the contractor may apply without notice to the supreme court of this state or to any justice thereof or to the county judge of any county, for an order directing the comptroller of the state or the financial officer or person with whom the lien is filed, to retain from such estimate a sum of money, which shall not be less than the amount claimed by the lienor, with interest thereon for one year and such additional amount as

the justice deems sufficient to cover all costs and expenses and to immediately pay over the balance of such estimate to the contractor. The amount so retained shall be held by the comptroller * * * or other officer or person until the lien is discharged as otherwise provided in this section. * * *." Subdivision 4 provides for the deposit of a sum of money by the contractor with the Comptroller and "the amount so deposited shall remain with the comptroller * * * until the lien is discharged as prescribed in subdivision one, two, three, five, six, seven or eight of this section." Subdivision 5 provides for the execution of an undertaking by the contractor and "except as otherwise provided herein the provisions of article five of title six of chapter eight of the code of civil procedure are applicable to an undertaking given for the discharge of a lien on account of public improvements."

Appellant argues that plaintiff has no exclusive right to the fund retained pursuant to the order of October 2, 1934, and has no priority in distribution of the moneys retained under that order and relies upon this provision in section 25, subdivision 4, of the Lien Law: "There shall be no priority among labor lienors, as a class or among other lienors as a class, and any moneys available for distribution among lienors of any class shall be distributed pro rata in accordance with their respective valid liens."

The finding is that at the time that respondent's lien and those of Feldman-Meyers and Radice Electric Company were discharged there was no other discharged lien which was not secured by separate funds retained specifically for each lien and having no relation to the fund retained for these three liens. The opinion of the Appellate Division (248 App. Div. 331, 332) states: " * * * all prior liens were discharged or secured by separate funds at the time the contractor made his application," and appellant makes no contrary assertion. After the entry of the order of October 2, 1934, dis-

charging these liens, several other liens were filed against the contractor. None of these subsequent lienors, however, appear to have made any effort to become parties to this action. The Assistant Attorney-General in his affidavit expresses the opinion that the subsequent lienors should be made parties to this action in order to protect their interests. The only parties are plaintiff and the defendant, general contractor, and the defendant State which is the only party appealing.

We have held, when a sum of money is deposited by the contractor pursuant to section 21, subdivision 4, for the purpose of freeing from the claim of the lienor the moneys due the contractor, that the lienor may have no other relief than payment of the sum deposited and may not recover from the general fund. (*Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330, 337, 338.) Since he may not participate with other lienors in the general fund, the statute must be deemed to intend that they may not partake of the specific fund. Otherwise the party whose lien is discharged pursuant to subdivision 4 would be placed at a disadvantage. After a lien has been discharged under subdivision 4 or 5 it is completely discharged against any general fund which may then exist or be later created. Appellant concedes such to be the law but argues that the effect of those two subdivisions differs essentially from the principle embodied in subdivision 6 and cites in support of its contention the decisions in *Alberene Stone Co.* v. *Board of Education* (153 Misc. Rep. 812; affd., 244 App. Div. 711) and *International Harvester Co.* v. *Whelan* (247 App. Div. 215). The distinction between subdivision 4 and subdivision 6 is that, pursuant to subdivision 4, money not connected with the contract is deposited and that, pursuant to subdivision 6, no new money is deposited but a portion of the earnings under the contract is withheld.

In the case at bar the Appellate Division has held that the purpose of subdivision 6 of section 21 is to create a special fund earmarked for the payment of specified liens which is entirely different from the general fund which is

available for distribution among the other lienors. It would seem to be the legislative intent, in the absence of a declaration to the contrary, to protect a discharged lienor under subdivision 6 to the same extent as under subdivisions 4 and 5. A discharged lienor is not within the class of undischarged lienors within the meaning of section 25, subdivision 4, and no priority in favor of the lienor discharged pursuant to section 21, subdivision 6, can be said to exist in contravention of section 25, subdivision 4.

In this particular case where no other lienor has asked to be heard and in which no possible injury to them is shown, the issue of law propounded by the State seems to be no more than academic.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.