FRIEL & McLEISTER Co., INC., and Others, Plaintiffs, *v.* SAMUEL MILLER and Others, Defendants.

Supreme Court, Rockland County, February 10, 1937.

*Louis H. Shereff,* for the plaintiffs.

*Maxwell Berman,* for the defendants Miller & Gaynor Company and another.

*Martin W. Teichman,* for the defendant Littlejohn, Bowling & Morris Company.

*Boochever, McManus & Ostrow,* for the defendant J. J. Fisher Co., Inc.

*Louis Lazarus,* for the defendant Circle Painting Company.

*John J. Bennett, Jr., Attorney-General [Isaac I. Marks, Assistant Attorney-General,* of counsel], for the State of New York.

SYME, J.   This is an action brought to foreclose mechanics' liens filed by the three coplaintiffs against funds retained by the State Comptroller.   Other lienors, though not all who participated in the construction operation, have interposed answers setting up their respective liens.   Prior to the completion of the project, the general contractor, apparently in financial distress, assigned all its interest in its contract to the defendant Credit Association of the Building Trades of New York, as trustee, under section 27 of the Lien Law, and the trustee caused the job to be completed.   These facts are contained in the answer of said trustee, and are apparently conceded by all parties.   Said answer also charges that the lien of each plaintiff has been willfully exaggerated and asserts a counterclaim for damages therefor, under section 39-a of the Lien Law.

The defendant J. J. Fisher Co., Inc., has moved for judgment on the pleadings in the apparent belief that the pleadings contain no denials of any material allegations of its claims.   While counsel have not referred to it, I am of the opinion that subdivision 5 of section 44 of the Lien Law requires a denial of said defendant's motion.   This provides, in part, that " the allegations in the answer of a defendant lienor shall be deemed denied by the other lienors in said action without the necessity of serving replies."   Accordingly, the motion of said defendant J. J. Fisher Co., Inc., must be denied.

Upon the return date of this motion, the court was requested to pass upon the sufficiency of the third separate defense contained in the answer of the Credit Association.   It is there alleged, in substance, that although some twenty-eight other lienors satisfied their liens by accepting approximately thirty per cent of their claims, the lien claimants herein refused to join in that arrangement solely for the purpose of obtaining a preference and receiving payment in full out of funds withheld by the State Comptroller.   None of the twenty-eight subcontractors has been made a party hereto, nor does it appear that any of them assert a claim to the funds in question.

Under these circumstances, I believe that the decision in *Bethlehem Fabricators, Inc.,* v. *Wills, Taylor & Mafera Corp.* (272 N. Y. 170) is controlling.   It was there held that funds withheld by court order, pursuant to section 21 of subdivision 6 of the Lien Law, in order to procure a discharge of lien, are available only to the discharged lienor, who must thereafter look to such withheld funds alone for satisfaction of his claim; conversely, no other lienor may partake of such a fund.   In the case cited it also appeared that none of the subsequent lienors made any effort to become a party to the action.   Certainly, in the absence of any protest by those who were willing to accept *pro rata* payment in return for a discharge of their liens, the court is not authorized to change the specific character of the fund in question.

Accordingly, the motions to strike out the third separate defense must be granted.

Submit order upon two days' notice to the attorney appearing on the motions.

On Reargument, March 23, 1937.

The motion for reargument is granted, and, upon such reargument, the original determination of the court is adhered to.

Under the Lien Law there is no provided statutory method whereby a majority may compel even a small minority of lienors to relinquish their liens, and accept less than the full amount claimed. However desirable, from the standpoint of equity and fairness, an arrangement might be, requiring all lienors to accept in full satisfaction *pro rata* payment acceptable to the great majority, the Legislature has not yet seen fit to provide such a plan.

That it is properly a subject of legislative action, and not judicial enlargement, is evident from consideration of such provisions in the field of banking (Banking Law, § 61-a), corporate reorganizations (U. S. Code, tit. 11, § 207), and guaranteed mortgages (State Mortgage Commission Act [Laws of 1935, chap. 19], as amd.).

Under the decision in *Bethlehem Fabricators, Inc.*, v. *Wills, Taylor & Mafera Corp.* (272 N. Y. 170), it has been definitely held that the fund retained by the Comptroller under a contract for a public improvement, for the benefit of a lienor whose lien has been discharged pursuant to subdivision 6 of section 21 of the Lien Law, is not available for the benefit of other lienors whose liens have been discharged by certificates of satisfaction or in one of the other methods provided by section 21. It is immaterial that the lien satisfactions may have been procured upon payment of less than the full amount due; each lienor might decide for himself whether to accept part payment and satisfy his lien, or await the outcome of his claim against the funds withheld by the State. Accordingly the third separate defense interposed by the defendant Credit Association cannot be sustained.