AMERICAN TUBE WORKS, Plaintiff, *v.* EDWARD V. McGOVERN CORPORATION, THE PEOPLE OF THE STATE OF NEW YORK and CORNELL & UNDERHILL, INC., Defendants.

Supreme Court, Special-Term, New York County, March 30, 1937.

*Douglass Newman*, for the plaintiff.

*John J. Bennett, Jr., Attorney-General*, for the defendant The People of the State of New York.

*Nicholas & Belford* and *Leonard Belford*, for the defendant Cornell & Underhill, Inc.

*Francis Dean*, for the Edward V. McGovern Corporation.

COTILLO, J. On November 29, 1933, plaintiff filed a mechanic's lien for the sum of $835.67 for materials furnished in connection with the construction of a public project. There was due and owing to the general contractor at that time the sum of $1,500. On the very date of the filing of the lien a check in that amount was mailed to the general contractor. Due to the filing of plaintiff's lien payment was stopped on that check. On December 12, 1933, an order was obtained pursuant to subdivision 6 of section 21 of the Lien Law, directing the Comptroller to set aside and withhold the sum of $1,020 from the aforesaid sum of $1,500, and to retain the same until plaintiff's notice of lien be discharged. Accordingly, two checks were drawn, one to the order of the Comptroller for $1,020 and the other to the contractor for $480.

In the time that elapsed, by virtue of the delay of the contractor in returning the check for $1,500 upon which payment was stopped, and in getting the exchange checks just mentioned, another lien was filed against the same contract here involved in the sum of $2,719.49 by a lienor in the same class with this plaintiff. Because of the filing of this second lien the check for $480 was not mailed to the general contractor, and the check for $1,020 was not deposited by the Comptroller. Some time later there was filed still another lien and also an assignment.

It is plaintiff's contention upon this application for summary judgment that the fund of $1,020 was earmarked by virtue of the order of this court of December 12, 1933, for the exclusive benefit of, and is to be exclusively applied towards plaintiff's lien, and, therefore, plaintiff's lien has priority in so far as that fund is concerned.

If plaintiff's lien were discharged by virtue of a deposit made under subdivision 4 of section 21 of the Lien Law, the contention so made would be undoubtedly correct. (*Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330, 337, 338.) The order which plaintiff contends resulted in the earmarking of these funds, as already indicated, was made pursuant to subdivision 6 of section 21 of the Lien Law. " The distinction between subdivision 4 and subdivision 6 is that, pursuant to subdivision 4, money not connected with the contract is deposited and that, pursuant to subdivision 6, no new money is deposited but a portion of the earnings under the contract is withheld." (*Bethlehem Fabricators* v. *W.*, *T.* & *M. Corp.*, 272 N. Y. 170, 175.) In the case cited (*Bethlehem Fabricators* v. *W.*, *T.* & *M. Corp.*, *supra*) the Court of Appeals (p. 176) said: " It would seem to be the legislative intent, in the absence of a declaration to the contrary, to protect a discharged lienor under subdivision 6 to the same extent as under subdivisions 4 and 5. A discharged lienor is not within the class of undischarged lienors within the meaning of section 25, subdivision 4, and no priority in favor of the lienor discharged pursuant to section 21, subdivision 6, can be said to exist in contravention of section 25, subdivision 4."

It was the contention of the State (the only appellant) in the *Bethlehem* case that the granting of an order pursuant to subdivision 6 of section 21 of the Lien Law did not have the effect of earmarking the fund directed to be set aside, exclusively for the benefit of the lienor with respect to whose lien such order was made, since that would work a priority in contravention of subdivision 4 of section 25 of the Lien Law. It was with respect to that contention that the Court of Appeals made the pronouncement that no priority can be said to exist in favor of a lienor discharged pursuant to subdivision 6 of section 21, in contravention thereof. However, that was purely *dictum* because the opinion of the Court of Appeals concludes as follows: " In this particular case where no other lienor has asked to be heard and in which no possible injury to them is shown, the issue of law propounded by the State seems to be no more than academic." (*Bethlehem Fabricators* v. *W.*, *T.* & *M. Corp.*, *supra*.)

This case, however, squarely presents the question. The obtaining of an order pursuant to subdivision 6 of section 21 affords the

contractor the power of giving priority to the plaintiff, and has the effect of exclusively withholding " a portion of the earnings under the contract " for plaintiff's benefit to the exclusion of subsequent lienors in the same class. So long as the funds subjected to the lien were not new moneys it seems clear that it was the legislative intent not to give any lienor of a particular class priority in the whole or any part of the earnings under the contract.

The same, of course, cannot be said to be true where new moneys were deposited pursuant to subdivision 4 of section 21 of the Lien Law. Indeed, the facts here illustrate the necessity for recognizing the distinction between the relative results flowing from procedure under and the application of the respective subdivisions 4 and 6 of that section. Should this plaintiff fail to establish the validity of his lien for the whole or any part of the retained moneys, such funds would be available for distribution among the subsequent lienors and claimants. New moneys deposited under subdivision 4 would not be so available. The essential difference in character between deposited moneys under subdivision 4 and retained moneys under subdivision 6 thus becomes more marked. If subsequent lienors may thus share in retained moneys then under the express terms of section 25 there cannot and should not be any preference among lienors of the same class. If it is the intention of the Court of Appeals to overrule the decisions to that effect in *Alberene Stone Co.* v. *Board of Education* (153 Misc. 812; affd., 244 App. Div. 711) and *International Harvester Co.* v. *Whelen* (247 id. 215), this case will squarely present the issue. Accordingly, the application for summary judgment will be and is denied, so that the rights of all claimants may be fully developed at the trial, and the matter presented upon a record that properly presents the legal question upon which the decision in this case must turn.